An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF T HE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF MANUEL O.
MONTELONGO, BAR NO. 8578.

No. 65355

**FILED**

OCT 10 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF REINSTATEMENT*

This is a petition for reinstatement to the practice of law by disbarred attorney Manuel O. Montelongo.[1]   A hearing panel of the Southern Nevada Disciplinary Board unanimously recommended that Montelongo be reinstated to the practice of law.

The hearing panel found that Montelongo fulfilled SCR 116's requirements for an attorney seeking reinstatement and shown by clear and convincing evidence that he has the moral qualifications, competency, and learning in law required for readmission to the practice of law.  The panel further found that Montelongo's resumption of the practice of law

---

[1]Montelongo was disbarred by consent in 2009. *See In re Discipline of Montelongo*, Docket No. 53899 (Order of Disbarment by Consent, September 2, 2009); SCR 112.  At the time the complaint was filed in Montelongo's disbarment proceeding, the Supreme Court Rules permitted a disbarred attorney to petition for reinstatement after three years.  *See* SCR 122 (specifying effective dates for the Supreme Court Rules). Disbarment is now irrevocable. SCR 102(1).

14-33755

would not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest. The panel unanimously recommended that Montelongo be reinstated, subject to the following conditions:

(1) Montelongo must enter into a two-year mentoring agreement focused on law office management and accounting practices. Nevada Attorney Nadia von Magdenko has agreed to act as Montelongo's mentor, and the State Bar has approved of her selection. During this time, von Magdenko shall submit quarterly reports to the State Bar, indicating in a final report whether Montelongo would benefit from continued mentorship.

(2) During the two-year period following reinstatement, Montelongo shall practice only criminal law.

(3) Montelongo must complete 21 hours of continuing legal education (CLE) per year for the two-year period following reinstatement. This CLE shall include courses on office management, trust accounts, and law office practice. The CLE shall consist of 15 hours of general credits and 6 hours of ethics credits each year.

(4) Montelongo shall timely resolve an outstanding State Bar Client Security Fund (CSF) matter, *Ruiz v. Montelongo*.

(5) Montelongo shall pay the costs of the reinstatement proceedings in accordance with SCR 120.[2]

We also agree with the panel's recommendation that Montelongo repay the CSF $127,470 from his settlement of a civil suit against Wells Fargo Bank that stems from the conduct that led to his disbarment. Montelongo has provided documentation demonstrating that this amount has been paid. To the extent the clients have not been fully reimbursed by the CFS, Montelongo shall use any settlement funds in excess of the $127,470 specified by the hearing panel, excluding reasonable attorney fees, to reimburse affected clients on a pro rata basis until all clients are fully compensated or the funds are exhausted.

SCR 116(2) requires that an attorney seeking reinstatement must:

> demonstrat[e] by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to practice law in this state, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest.

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings and conclusions. We therefore approve the panel's recommendation that the petition be granted

---

[2]Montelongo provided documentation that appears to demonstrate that he has resolved the *Ruiz* grievance and paid the costs of the reinstatement proceedings. To the extent, if any, that these conditions are not fully resolved, Montelongo shall do so within a reasonable amount of time.

subject to conditions. Accordingly, Manuel O. Montelongo is hereby reinstated to the practice of law, subject to the conditions set forth above.

It is so ORDERED.

_____ C.J.
Gibbons

_____ , J.          _____ , J.
Pickering                                    Hardesty

_____ , J.          _____ , J.
Parraguirre                                  Douglas

_____ , J.          _____ , J.
Cherry                                       Saitta

cc:   David A. Clark, Bar Counsel
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      M. Nelson Segel
      Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
      Perry Thompson, U.S. Supreme Court Admissions Office